UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY ERIXON,

      Plaintiff,

v.

EISENBERG & BOGAS, P.C.,

      Defendant.

                                       /

CASE NO. 08-12512
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the
Federal Building, in the City of Port Huron, State of
Michigan, on the 8th day of June, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment (Docket #15). Plaintiff has filed a response, and Defendant has replied. Defendant also filed an "Unopposed Motion to Allow Supplemental Brief Based on New Legal Authority" (Docket #22), which the Court GRANTS. The Court finds that the facts and legal arguments pertinent to the Motion for Summary Judgment are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion for Summary Judgment be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

### II. BACKGROUND

In May 2007, Plaintiff was terminated by her employer, Giffels Management Limited. Thereafter, Plaintiff retained Defendant to contest the legality of the termination. In connection with that

representation, Plaintiff and Defendant executed a "Contract for Legal Services" ("Contract"), which provided in part that Defendant would receive a contingency fee "in an amount equal to one-third (1/3) of the total amount recovered by settlement" or, in the event Plaintiff was reinstated to her employment, "the contingency fee will be abolished and an hourly fee…will be the basis for the attorney fee." The Contract also contained a binding arbitration clause, which governed disputes arising out of the Contract:

> Any controversy, dispute, or question arising out of, in connection with, or in relation to this Contract or its interpretation, performance or nonperformance, or any breach thereof, shall be determined by arbitration conducted in accordance with the then-existing rules of the American Arbitration Association or another dispute resolution organization mutually agreed to by the parties. Any decision rendered by the Arbitrator shall be final and binding upon the parties and judgment upon any arbitration award, including an award of damages, may be entered in any court having appropriate jurisdiction. The Arbitrator may not amend, modify or substitute any of the terms or conditions of this Contract and his/her jurisdiction is thereby limited. The Client agrees that the Arbitration will take place in the State of Michigan, Oakland County and he [sic] expressly consents to the personal jurisdiction in the State of Michigan.

In early 2008, after resolution of Plaintiff's legal claims with Giffel Management Limited, Defendant initiated arbitration proceedings to recover unpaid attorney fees. In the arbitration proceedings, Defendant alleged that Plaintiff paid only $303,000 of the approximately $500,000 allegedly due pursuant to the terms of the Contract. In the arbitration proceedings, Plaintiff filed a counterclaim, wherein she requested that Defendant be required to disgorge a portion of the attorney fees already paid. The arbitration case remains pending.

Plaintiff then filed a Complaint and an Amended Complaint in this Court. Plaintiff's Amended Complaint seeks a determination by the Court that the fee sought by Defendant violates the Rules of Professional Conduct and public policy based on the following allegations:

18. Based upon records provided to Plaintiff, the compensation sought by Defendant exceeds $1,600 per hour.

19. The fee sought by Defendant is unconscionable.

\* \* \*

21. This Court has jurisdiction to preclude conduct which violates the public policy of the State of Michigan. The Court should do so because the Defendant seeks a fee which is clearly excessive. A clearly excessive attorney fee violates Rule 1.5 of the Rules of Professional Conduct.

    22.    Defendant is entitled to compensation for its services. The Court should apply the doctrine of *quantum meruit* to determine an appropriate fee.

Plaintiff seeks the following findings and orders from the Court:

    a.    A finding that the Court has jurisdiction;

    b.    An order staying arbitration until such time as the Court considers the Plaintiff's claim;

    c.    A finding that the Court may determine that the Defendant seeks to secure a clearly excessive fee for the services it provided Plaintiff; that its action violates the Rules of Professional Conduct;

    d.    A determination of a reasonable fee due Defendant; [and]

    e.    An order directing the Defendant to disgorge such fees as exceed a reasonable fee.

Amended Complaint, Paragraph 23. Defendant filed its Motion for Summary Judgment and requests an order compelling arbitration and dismissing Plaintiff's Amended Complaint.

### III. STANDARD OF REVIEW

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings, combined with any affidavits in support show that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)(citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met

its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

### IV.  ANALYSIS

Plaintiff has asserted a single count in her amended Complaint.  Plaintiff asks the Court to enjoin Defendant's request for a fee which is "clearly excessive" and, as such, violates public policy of the State of Michigan, specifically Rule 1.5 of the Michigan Rules of Professional Conduct.  This position is reiterated in the brief Plaintiff filed in response to Defendant's Motion for Summary Judgment.  Therein, Plaintiff stated: "The sole question for the Court is whether the fee demanded by Defendant violates the Michigan Rules of Professional Conduct."  As the Michigan Court of Appeals recently held, however: "Violations of the MPRC [Michigan Rules of Professional Conduct] do not give rise to a civil cause of action." *Underwood v. Bullard*, 2009 WL 127658 at *3 (Mich. Ct. App., January 20, 2009).  As Michigan law applies in this diversity action, and as Plaintiff's cause of action admittedly is based solely on an alleged violation of the Michigan Rules of Professional Conduct, the Court must dismiss Plaintiff's cause of action.

### V.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290